**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4634**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRIAN BRADFORD ASBURY,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:16-cr-00019-CCE-1)

Submitted: November 21, 2017           Decided: November 27, 2017

Before WYNN and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert L. Cooper, COOPER, DAVIS & COOPER, Fayetteville, North Carolina, for Appellant. Sandra J. Hairston, Acting United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Bradford Asbury pleaded guilty to conspiracy to distribute cocaine base and distribution of cocaine base and was sentenced to 110 months of imprisonment. Asbury argues that his sentence is not substantively reasonable. Finding no error, we affirm.

We review a sentence for reasonableness, applying an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We examine substantive reasonableness considering the totality of the circumstances. *Id.* "Any sentence that is within or below a properly calculated [Sentencing] Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) [2012] factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citations omitted).

Asbury posits that his sentence is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a). We conclude that the sentence is substantively reasonable. The district court meaningfully considered defense counsel's suggestions for a lower sentence and explained its chosen sentence. Furthermore, Asbury presents no evidence to rebut the presumption of reasonableness applicable to his sentence.

We therefore affirm Asbury's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*